IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| BRIAN POWERS, | : | Case No. 1:18-cv-788 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | |
| ABUBAKAR ATIQ DURRANI, M.D., *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER OVERRULING OBJECTIONS (Docs. 24, 26), ADOPTING REPORT AND RECOMMENDATION (Doc. 23), AND GRANTING AND DENYING IN PART THE MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 16)**

This action is before the Court on Magistrate Judge Stephanie K. Bowman's Report and Recommendation (Doc. 23). The subject of the report and recommendation is the joint motion for judgment on the pleadings (Doc. 16) filed by Defendants Abubakar Atiq Durrani, M.D., and Center for Advanced Spine Technologies, Inc. (CAST). Magistrate Judge Bowman recommended that the motion for judgment on the pleadings be granted as to CAST, but denied as to Dr. Durrani.

The focus of the motion for judgment on the pleadings and the report and recommendation is the applicability of Ohio's four-year statute of repose for medical malpractice actions, R.C. 2305.113(C). Powers alleges that his injuries arose from an April 26, 2010 surgery performed by Dr. Durrani. He filed this lawsuit on November 13, 2018, more than eight years after the surgery. So the four-year statute of repose bars his claims

1

unless an exception applies.

Defendants argued that the statute of repose barred all claims against them. (Doc. 16.) Magistrate Judge Bowman agreed as to CAST, and accordingly recommended that CAST was entitled to judgment as a matter of law. (Doc. 23 at PageID 271.) But she found that Dr. Durrani's flight to Pakistan in November 2013 tolled the statute of repose. (Doc. 23.) The action accrued in April 2010. Dr. Durrani fled to Pakistan in November 2013, less than four years later. Magistrate Judge Bowman found that, under R.C. 2305.15, the four-year clock stopped running when Dr. Durrani left Ohio. Since he has never returned, the clock remains tolled and the statute of repose has not extinguished the case. (*Id.* at PageID 270.) Furthermore, the statute is constitutional as applied to a physician who resided and practiced in Ohio when a medical malpractice claim arises. *See Garber v. Menendez*, 888 F.3d 839, 846 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1261 (2019).

Plaintiff Brian Powers and Defendant Durrani, M.D., both object to the report and recommendation.

Powers argues that Magistrate Judge Bowman erred in recommending that his claims against CAST should be barred by application of the statute of repose. (Doc. 26.) But he rehashes the same arguments that Magistrate Judge Bowman already addressed and rejected in her report and recommendation. Objections to reports and recommendations are not meant to be vehicles for repeating arguments that the magistrate judge already considered. *Nickelson v. Warden, Chillicothe Corr. Inst.*, No. 1:11-CV-00334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012). Such objections fail to identify any specific errors in the magistrate judge's report and recommendation. *Owens v.*

2

*Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013). Instead, objections that recite arguments made to the magistrate judge effectively duplicate the functions of the district court "as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). For these reasons, the Court will not address them further.

Dr. Durrani's objections fare no better. He argues that the report and recommendation improperly creates an exception to the statute of repose. (Doc. 24.) More specifically, he argues that the tolling provision in R.C. 2305.15(A) only applies to statutes of limitation, not statutes of repose. This Court, however, has already rejected that argument. *Landrum v. Durrani*, No. 1:18-CV-807, 2020 WL 3512808, at *4 (S.D. Ohio Mar. 25, 2020), *reconsideration denied*, No. 1:18-CV-807, 2020 WL 3501399 (S.D. Ohio June 29, 2020). In *Landrum*—another case against Dr. Durrani—this Court held that the statute of repose is tolled as to Dr. Durrani as of the date he allegedly absconded to Pakistan. *Id.* The same result obtains here.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon review, the Court:

1) **OVERRULES** Defendant Durrani's objections (Doc. 24);

2) **OVERRULES** Plaintiff Powers' objections (Doc. 26);

3) **ADOPTS** the Report and Recommendation (Doc. 23) in its entirety, and accordingly **GRANTS** the motion for judgment on the pleadings (Doc. 16) as

it relates to Defendant CAST and **DENIES** the motion for judgment on the pleadings (Doc. 16) as it relates to Defendant Durrani.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND