**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRYAN POWERS,

      Plaintiff,

            v.

ABUBAKAR ATIQ DURRANI, M.D., et. al,

      Defendants.

Case No. 1:18-cv-788

McFarland, J.
Bowman, M.J.

**MEMORANDUM ORDER AND OPINION**

This case has been referred to the undersigned magistrate judge through the completion of all discovery. (Doc. 22).  Pursuant to the Court's Calendar Order, discovery is set to conclude on December 15, 2021, with dispositive motions to be filed not later than January 15, 2022, and final pretrial and trial dates to be scheduled thereafter.  (Doc. 34).  Currently before the Court is Defendant's non-dispositive motion to strike the "Affidavit of Eric Deters Regarding Dr. Durrani's Travels Out of the State of Ohio."  (*See* Docs .35, 36).  For the reasons that follow, the motion is alternatively construed as a motion to disregard the improper Affidavit and GRANTED.

### I.      Background of *Durrani* Cases and Ohio's Statute of Repose

Plaintiff filed this lawsuit against Defendant Abukabur Atiq Durrani, M.D. ("Durrani") and the Center for Advanced Spine Technologies, Inc. ("CAST"),  alleging that he was injured during an April 26, 2010 surgery.  In addition to civil litigation over Durrani's surgical practices filed by hundreds of other plaintiffs, Durrani faced criminal charges filed by the United States.  In November 2013, Durrani fled to Pakistan. *See* ge*nerally, United States v. Abubakar Atiq Durrani*, Case No. 1:13-cr-84.  Although Durrani has never

returned to the United States, he has continued to defend against the civil cases filed against him through counsel.

On February 26, 2020, the undersigned recommended partially granting Defendants' motion for judgment on the pleadings and dismissing CAST after concluding that Ohio's statute of repose, Ohio R.C. § 2305.113(C), bars claims filed more than four years after a disputed medical procedure. However, the undersigned concluded that because Durrani fled to Pakistan before the statute of repose had run out, the statute was tolled as to that Defendant. (*See* R&R, Doc. 23 at 3, PageID 263, "Dr. Durrani's flight tolls the otherwise fully applicable statute of repose for claims filed by Plaintiff against that Defendant," adopted at Doc. 30, 2020 WL 5526401 at *1 (S.D. Ohio Sept. 15, 2020) (McFarland, J.)).

The ruling in this case was consistent with rulings made in multiple other cases filed against Durrani in both federal and state courts.[1]  Thus, in cases like this one, where the record reflected that Durrani had fled before the statute of repose had run, the courts held that the statute was tolled as to Durrani and that the plaintiffs' claims could proceed. *See*, *e.g.*, *Landrum v. Durrani*, Case No. 1:18-cv-807, 2020 WL 3512808 at *4 (S.D. Ohio Mar. 25, 2020) (Dlott, J.), *Mahlenkamp v. Durrani*, No. 1:18-cv-817, 2021 WL 2012939 at *3 (S.D. Ohio May 19, 2021) (Black, J.); *Sterling v. Durrani*, Case No. 1:18-cv-802, 2021 WL 2013012 at *3 (S.D. Ohio May 19, 2021) (Black, J.); *Atwood v. UC Health*, Case No. 1:16-cv-593-MRB, 2021 WL 2779152 (S.D. Ohio July 2, 2021) (Barrett, J.); *see also Wilson v. Durrani*, 2021-Ohio-3226, ¶ 12, 2021 WL 4239657, at *3 (Ohio App. 1 Dist.,

---

[1]The same counsel who represents Plaintiff herein represents hundreds of other former Durrani patients; the same defense counsel also appears in many of the cases.  Unsurprisingly, counsel for both parties have filed the same or similar motions in multiple cases.  Due to the volume of such cases, the undersigned's references to similar cases are intended to be illustrative only, not exhaustive.

Sept. 17, 2021); *Elliot v. Durrani*, No. C-180555, 2021 WL 4026356, at *8 (Ohio Ct. App. Sept. 3, 2021).

By contrast, in cases in which the record reflected that the disputed medical procedure occurred more than four years before Durrani's flight to Pakistan, this Court and others held that the statute of repose could not be tolled to save untimely claims. *See*, *e.g.*, *Levandofsky v. Durrani*, Case No. 18-cv-809, 2020 WL 5535872 (Feb. 26, 2020 R&R, Bowman, M.J.), adopted at 2020 WL 5531396 (S.D. Ohio Sept. 15, 2020) (McFarland, J.); *Luse v. Durrani*, Case No. 1:18-cv-851,  2021 WL 2012937 (S.D. Ohio May 19, 2021) (Black, J.) (appeal pending); *Stidham v. Durrani*, Case No. 1:18-cv-810, 2021 WL 2013024, at *4 (S.D. Ohio May 19, 2021) (Black, J.) (appeal pending).  Notably, in *Levandofsky v. Durrani*, 2021 WL 4988350 (6th Cir. Oct. 27, 2021), the Sixth Circuit recently affirmed this Court's decision that tolling did not apply on the record presented. *See id.* at *3 ("Durrani's flight from the country in 2013 did not toll the statute of repose, because the statute expired before Durrani fled.")  The appellate court highlighted the "consistent decisions of the Ohio Court of Appeals" on the same issue, and pointed out that "[t]he Ohio Supreme Court has repeatedly declined to hear appeals from the *Durrani* cases…." *Id*. at *4.

On May 20, 2021, Plaintiff herein filed a "Notice" that reflects the filing of an "Affidavit of Eric Deters regarding… Durrani's travels out of the State of Ohio." (Doc. 35, hereinafter "Notice of Affidavit.").  The referenced Affidavit purports to establish "a factual basis for the tolling of the statutes of repose and limitations prior to November 2013…. for the dates of Durrani's absences subsequent to the surgery at issue." (*Id*.)  The same Notice of Affidavit appears to have been filed on behalf of other plaintiffs in numerous

other *Durrani* cases, including cases like this one in which the court has already held that the statute of repose is tolled due to Durrani's flight, and cases like *Levandofsky* in which this Court has held that tolling could not save the plaintiff's untimely claims.[2]

Durrani filed a motion to strike the Affidavit filed in this case.[3]  (*See* Doc. 36). Plaintiff filed a response in opposition, to which Defendant filed a reply.  (Docs. 40, 42).

### II.    Analysis

### A.  The Notice of Affidavit is Procedurally Improper

The Court begins by pointing out that the Plaintiff's filing of the Notice of Affidavit was not accompanied by, and did not relate to, any pending motion.  With few exceptions, the filing of a "Notice" that is not accompanied by a motion does not require any Court action.   Motions for summary judgment in this case are not due until January 15, 2022. Absent a pending motion, the filing of a "Notice" in an attempt to introduce extraneous evidence into the record is procedurally improper.

The general prohibition on filing evidentiary exhibits prior to trial unrelated to any pending motion is reflected in Federal Rule of Civil Procedure 5(d) as well as in Local Rules 5.4 and 7.2.  The referenced Affidavit heavily relies upon documents obtained in discovery.  Pursuant to Rule 5(d)(1)(A), Fed. R. Civ. P., disclosures under Rule 26(a)(1) and (a)(2) as well as discovery responses (including documents or evidentiary exhibits

---

[2]The undersigned can only assume that counsel intended the Affidavit to have greater relevance in the latter cases.  However, in cases such as *Levandofsky*, this Court had already entered final judgment in Durrani's favor before the Notices of Affidavit were filed, and no post-judgment motions accompanied the Notices. This Court's decision in *Levandofsky* has now been affirmed and that case remains closed; appeals remain pending in other similar cases.  *See e.g., Luse v. Durrani*, Case No. 18-cv-851 (appeal pending); *Stidham v. Durrani*, Case No. 18-cv-810 (appeal pending).
[3]Defendant filed the same or similar motions to strike the Notice of Affidavit in cases in which final judgment had not already been entered in his favor.  *See* Case Nos. 18-cv-787, 18-cv-802, and 18-cv-807.

obtained through discovery) "must not be filed until they are used in the proceeding or the court orders filing…." *See also generally*, Local Rule 5.4.

Use in a "proceeding" may include a motion for which evidentiary support is required. Local Rule 7.2 sets forth the general requirements for filing motions. Under LR 7.2(c), all "written communications [with the Court] must be by way of formal motion or memorandum submitted in compliance with these Rules." Under LR 7.2(e), affidavits and other evidence presented in support of or in opposition to any motion "shall be attached to the memorandum" in support of the motion "or included in an appendix thereto." Only "[p]hysical evidence that cannot be attached to a memorandum" may be "filed separately with the Clerk." *Id.* In addition, "[e]vidence submitted… shall be limited to that necessary for decision and shall include only essential portions of transcripts or exhibits referenced in the memorandum." *Id.*

In short, there is no provision in any applicable civil rule of procedure for filing an evidentiary exhibit independent of use in a proceeding before the Court (i.e., a pending motion, an ongoing evidentiary proceeding, or trial). Under controlling civil rules, Plaintiff's initial Notice of Affidavit was procedurally improper and required no further action by this Court. *See Oppenheimer v. City of Madeira, Ohio*, 336 F.R.D. 559, 567 (S.D. Ohio 2020) (declining "to consider any additional 'information' in the context of a 'notice' as opposed to an appropriately supported motion.").

**B. Defendant's Motion to Strike is Procedurally Improper**

Although Plaintiff's initial filing required no judicial action, Defendant has now invited a ruling by filing a motion to strike.[4] Unfortunately, Defendant's motion to strike is

---

[4] The pending motion to strike is non-dispositive. *See Oppenheimer*, 336 F.R.D. at 561 ("Motions to strike are often characterized as 'non-dispositive' matters and typically are ruled on by Order.")

also procedurally improper.  A "motion to strike" applies only to pleadings. *See* Fed. R. Civ. P. 12(f). "'Pleadings' are enumerated in Fed. R. Civ. P. 7(a), and the list does not include affidavits, briefs, or exhibits." *Goodwin v. American Marine Express, Inc.*, 2021 WL 848948, at *8 (N.D. Ohio  March 5, 2021).

In his reply memorandum in support of the motion, Defendant concedes his procedural error but posits that the motion may be appropriately construed as objections under Rule 56(c)(2) of the Federal Rules of Civil Procedure.  *See*, *e.g.*, *Smith v. Interim HealthCare of Cincinnati, Inc.*, 2011 WL 6012971 at *4 (S.D. Ohio Dec. 2, 2011).  That argument might hold sway if a motion for summary judgment had been filed by either party.  However, as previously discussed, the Notice of Affidavit when filed related to no pending proceeding.  Still, in the interests of justice, the undersigned will construe Defendant's motion as seeking not to strike but to "disregard" Plaintiff's Notice of Affidavit.

## C. The Merits of Defendant's Construed Motion to Disregard Plaintiff's Notice of Affidavit

In evaluating the merits of Defendant's motion as construed, the undersigned finds highly persuasive the Court's analysis of a virtually identical motion to strike filed in *Landrum v. Durrani*, Case No. 18-cv-807.  In *Landrum*, the plaintiff filed no response to the motion to strike, and the Notice of Filing Affidavit was loosely connected to a renewed motion for judgment in the pleadings that the Court addressed in the same Order.  Apart from those small procedural distinctions, the overall analysis in *Landrum* applies with equal force to the case presented.

> Landrum filed the Affidavit of Eric Deters Regarding Dr. Durrani's Travels Out of the State of Ohio (Doc. 57-1). In his brief Affidavit, Deters purports to have examined a calendar Defendant produced and Durrani's earlier sworn testimony to determine that "from 2005 through 2013 before his flight. Dr. Durrani was out of the state of Ohio: 504 plus 46 days or 550 total days or

6

1 year and 185 days." (Deters Aff., Doc. 57-1 at PageID 581.) Durrani now moves to strike Deters' Affidavit….

Pursuant to Federal Rule of Evidence 602, unless testifying as an expert (which Deters is not), "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Nothing in Deters' Affidavit indicates that he has personal knowledge of Durrani's travels. Indeed, he acknowledges that his entire calculation is based on his review of third party documents. (Doc. 57-1 at ¶¶ 1,5.) Thus, he is incompetent to testify as to Durrani's travels.

In addition, even if offered as a summary to prove content pursuant to Federal Rule of Evidence 1006, Deters' Affidavit and the attached Exhibit 2 fail to meet the minimum criteria for admission. For admissibility under Rule 1006, a summary or calculation must meet five criteria:

> (1) the underlying documents must be so voluminous that they cannot be conveniently examined in court, (2) the proponent of the summary must have made the documents available for examination or copying at a reasonable time and place, (3) the underlying documents must be admissible in evidence, (4) the summary must be accurate and nonprejudicial, and (5) the summary must be properly introduced through the testimony of a witness who supervised its preparation.

*United States v. Smith*, 516 F.App'x 592, 594-95 (6th Cir. 2013) (quoting *United States v.Jamieson*, 427 F.3d 394,409 (6th Cir. 2006)). In this case. Deters has failed to demonstrate any of the five required criteria.

Finally, while relevant evidence is generally admissible pursuant to Federal Rule of Evidence 402, evidence is not relevant unless "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Deters' conclusion/opinion regarding the number of days from 2005 through 2013 Durrani left Ohio is utterly irrelevant to this case. Durrani allegedly performed Landrum's surgery in June 2010. Durrani's travels prior to her surgery are of no consequence here. Indeed, even Exhibit 2 to Deters' Affidavit—which purports to list specific travel dates by year—fails to differentiate between travel before and after Landrum's June 2010 surgery. (Doc. 57-1 at PageID 587.)

The statute of repose issue is very clear in this case, rendering Durrani's purported travel schedule meaningless. If the absent defendant statute tolls the statute of repose, this matter proceeds to trial. If not, then the only remaining claims are time-barred and must be dismissed. Either way, Deters' Affidavit is irrelevant and inadmissible….

*Id.*, Case No. 18-cv-807, 2021 WL 3666286 at **4-5 (S.D. Ohio July 2, 2021) (Dlott, J.).

As in *Landrum*, the Notice of Affidavit is substantively irrelevant and inadmissible in this case.  The Notice is also procedurally improper.  Although Defendant's motion invites this Court to strike the document, neither Rule 12(f) nor Rule 56(c) authorize striking the Notice of Affidavit.  Therefore, the Court construes Defendant's motion as seeking an order stating that the Notice of Affidavit will be disregarded.  This, the Court can do.  In granting the motion as so construed, the irony is not lost on the Court that the same remedy would have been obtained had the Defendant filed no motion at all.

### III.     Conclusion and Order

Accordingly, **IT IS ORDERED THAT** Defendant's motion to strike the Notice of Filing Affidavit (Doc. 36), construed as a motion to disregard Plaintiff's procedurally and substantively improper Notice of Affidavit (Doc. 35), is **GRANTED.**

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

8